IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 7:24-CR-00038 (WLS-TQL) |
| DE'ANDRE KENTERRIOUS LAMARION MCLARIN *et al.*, | : |
| Defendants. | : |

### ORDER

Before the Court is the Government's Unopposed Motion to Declare Case Complex (Doc. 46) ("the Motion to Declare Case Complex" or "the Motion"). Therein, the Government moves the Court to declare the above-captioned case complex under 18 U.S.C. § 3161(h)(7)(B) and continue the trial in the case from the February trial term until the next trial term. For the reasons discussed below, the Motion is **GRANTED**.

### I.    PROCEDURAL BACKGROUND

On September 11, 2024, the Government filed a sealed Indictment (Doc. 1) as to Defendants De'Andre Kenterrious Lamarion McLarin, Danmon Jerone Wilkerson, Angela Cookley, Jaylen Filmore, Jerry Hayes, Jalan Hayes, Kembrick McClendon, and Kemareon Byrant (hereinafter "Defendant [Last name]"). A sealed Superseding Indictment (Doc. 11) was filed on October 9, 2024. The Superseding Indictment charges all Defendants with one count of Conspiracy to Commit Bank Fraud. (*Id.* at 2–4). Defendant McClarin is also charged with one count of possession of a postal service key and three counts of aggravated identity theft. (*Id.* at 4–5).

The Government filed the instant Motion to Declare Case Complex (Doc. 46) on December 20, 2024. Although the Government represents that the motion is unopposed, the Court found it appropriate for all Defendants whose Counsel had made an appearance on the docket to respond to the Motion. The Court entered an Order (Doc. 51) to that effect on December 9, 2024. That Order required all Counsel for Defendants who had already made an appearance on the docket to file a response no later than January 7, 2025, and for all Counsel

who made an appearance subsequent to the Order's entry to file a response within seven days of their client's arraignment.

At the time the Court entered the Order (Doc. 51) to respond, only Counsel for Defendant McClarin had entered an appearance on the Docket. The Court-ordered deadline for Defendant McClarin has elapsed with no response.[1] However, several other Defendants whose Counsel have entered an appearance have responded: Defendant Bryant, Defendant Cookley, and Defendant Wilkerson. (Docs. 63, 88, & 89). No Defendant who has responded objects to the Motion to Declare Case Complex. (*Id.*)

## II.   MOTION TO DECLARE CASE COMPLEX

The Government moves the Court to declare the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B). (*See generally* Doc. 46). As noted, all Defendants who have responded to the Motion do not object to the Government's Motion. (*See* Docs. 63, 88 & 89).

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance or extension. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice, whether the case is especially unusual or complex, or whether the case is unusual or complex enough that the failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

Here, the Court finds that this case is complex and that the ends of justice served by ordering a continuance under 18 U.S.C. § 3161(h)(7)(B) outweigh the best interest of the public and the Defendants in a speedy trial. The Court finds this case complex for three reasons.

First, based on the charges, the Government alleges a complex bank-fraud conspiracy the proof of which will likely result in unusually voluminous discovery which will be difficult

---

[1] The Court construes Defendant McClarin's lack of response as indicating that he does not oppose the Motion to Declare Complex. If Defendant McClarin objects to this construction he shall respond on the docket immediately indicating the same. Counsel for Defendant McClarin is reminded that continued failure to comply with Court orders may result in sanctions or discipline.

2

for Counsel to reasonably review and respond to under the conditions of the typical Speedy Trial Act timeline. Indeed, the Government confirms this, representing that there is more than one terabyte of discovery. Second, the number of Defendants is likely to significantly complicate the case. Third, given the number of Defendants and the nature of the charges, the case will potentially require a lengthy, specially-set trial.

For good cause shown, the Government's Motion to Declare Case Complex (Doc. 46) is **GRANTED**. The above-captioned matter is, therefore, **CERTIFIED COMPLEX**. Accordingly, it is **ORDERED** that the matter be **EXCLUDED FROM COMPUTATION** under 18 U.S.C. § 3161 for the aforementioned reasons. As a result, all deadlines set out in the case are **CONTINUED** beyond the time limitations set by the Speedy Trial Act. The Parties are hereby **ORDERED** to confer and then meet no later than thirty (30) days after the filing of this Order, or no later than **Monday, February 10, 2025**.[2] Counsel shall prepare a joint proposed discovery order to govern discovery and relevant deadlines and submit the same to the Court no later than **Monday, February 24, 2025.** Thereafter, if necessary, the Court will notice a discovery conference by separate order. A special trial date will be set following the status conference or as may otherwise be ordered by the Court. **Any Counsel who makes an appearance after the entry of this Order who object to the case being declared complex shall file such objection in writing on the docket no later than seven (7) days after they have made an appearance.**

**SO ORDERED**, this 9th day of January 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] The Court has adjusted this deadline to the next business day after thirty days from the entry of this Order.