**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

UNITED STATES OF AMERICA,             :
                                      :
v.                                    :        CASE NO.: 7:24-CR-00038 (WLS)
                                      :
DE'ANDRE KENTERRIOUS                  :
LAMARION MCLARIN *et al.*,            :
                                      :
        Defendants.                   :
_____       :

## ORDER

Defendant McClarin moves unopposed for a status conference hearing. (Doc. 184). McClarin previously pleaded guilty to Count One of the superseding indictment (Doc. 11) on December 30, 2025. (Doc. 149). At McClarin's change of plea hearing, he expressed his desire to keep and possess a copy of his presentence investigation report (PSR) and the Court confirmed that all defendants before this Court may only temporarily possess a copy of their PSRs to review it, typically with Counsel, and must return it after review. (*See* Doc. 149). His sentencing hearing was set for March 26, 2026, but was continued to April 15, 2026. (*Id.* & Doc. 159).

Counsel for McClarin further explained the Court's rule to McClarin, who, in response, refused to review the PSR because he could not keep it. (Doc. 184 ¶¶ 5, 7). 18 U.S.C. § 3552 requires a PSR be "disclosed to the defendant . . . at least ten days prior to the date set for sentencing." The purpose of this requirement is "to ensure accuracy and fairness in sentencing by allowing the defendant adequate time to review and verify the information contained in the [PSR] prior to sentencing." *United States v. Willis*, 649 F.3d 1248, 1256–57 (11th Cir. 2011). However, a Defendant may "relinquish" his right to review the PSR, so long as that "relinquishment [is] knowing and voluntary." *United States v. Davenport*, 151 F.3d 1325, 1328 (11th Cir. 1998).

As averred by Counsel for Defendant, McClarin appears to be relinquishing his right. To verify whether McClarin intends to relinquish his rights, the Court **GRANTS** his motion for hearing (Doc. 184) and schedules a hearing on **Wednesday, April 1, 2026**. At that hearing,

the Court will advise McClarin of his rights, ask if he desires to relinquish his right to review the PSR, ensure that relinquishment is done knowingly and voluntarily, and, if necessary, give him an additional and final opportunity to read, review, and discuss the PSR with Counsel.

**SO ORDERED**, this 20th day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**